**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-5025**

—————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

CALVIN GLENN WOODS, II,

                Defendant – Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:10-cr-00126-HFF-1)

—————————

Submitted:  April 20, 2011         Decided:  April 29, 2011

—————————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Glenn Woods, II, appeals the twenty-four-month sentence imposed following his guilty plea to three counts of uttering counterfeit securities, in violation of 18 U.S.C. § 513(a) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Woods's sentence was reasonable. Woods was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no reversible error, we affirm.

The sole issue raised by counsel in the Anders brief is whether the district court's sentence was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a

2

rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted).

We review Woods's claim for abuse of discretion because he properly preserved his claim of error in the district court. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."). Our review of the record leads us to conclude that the district court did not commit reversible procedural error in imposing Woods's sentence.

We next consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence imposed is within the appropriate Guidelines range, we may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). On review, Woods's within-Guidelines sentence is

3

presumptively reasonable, and Woods has not rebutted that presumption. Therefore, we conclude that the district court committed no reversible substantive error in sentencing Woods.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Woods, in writing, of his right to petition the Supreme Court of the United States for further review. If Woods requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Woods. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>